

**ORDERED in the Southern District of Florida on April 18, 2008.**

Paul G. Hyman, Chief Judge
United States Bankruptcy Court

_____

```
            UNITED STATES BANKRUPTCY COURT
             SOUTHERN DISTRICT OF FLORIDA
               WEST PALM BEACH DIVISION
```

| | |
|---|---|
| In re: | CASE NO.: 04-33579-BKC-PGH |
| U.S. PLASTIC LUMBER CORP.,<br>    Debtor.<br>_____/ | Chapter 7 |
| ALAN GOLDBERG, *as the Unsecured Creditors Trustee*, | ADV. NO.: 06-01724-BKC-PGH-A |
|     Plaintiff, | |
| v. | |
| MARK S. ALTSENTZER, AUGUST C. SCHULTES, III, GARY J. ZIEGLER, KENNETH CH'UAN-K'AI LEUNG, MICHAEL D. SCHMIDT, and 2600 ROOSEVELT ASSOCIATES, LLC, *an Illinois Limited Liability Company*, | |
|     Defendant(s).<br>_____/ | |

**ORDER GRANTING DEFENDANT, 2600 ROOSEVELT ASSOCIATES, LLC, MOTION TO DISMISS AMENDED ADVERSARY COMPLAINT FOR DAMAGES AND OTHER RELIEF**

**THIS MATTER** came before the Court for hearing on August 3, 2007, upon 2600 Roosevelt Associates, LLC's ("2600 Roosevelt") *Motion to Dismiss Amended Adversary Complaint for Damages and Other Relief* (the "Motion"). On August 1, 2007, Alan Goldberg, as Unsecured Creditors Trustee ("Plaintiff" or "Goldberg") filed a response to the Motion (the "Response"). The Court subsequently held evidentiary hearings on the Motion on November 16, 2007, and February 21, 2008, to determine whether Plaintiff's failure to name 2600 Roosevelt as a defendant was a mistake of identity within the meaning of Federal Rule of Civil Procedure 15(c). The Court having considered the Motion, Response, applicable law, arguments of counsel, testimony of witnesses, documentary evidence, candor and demeanor of the witnesses, and being otherwise fully advised in the premises, hereby grants 2600 Roosevelt's Motion to Dismiss because the failure to name 2600 Roosevelt as a defendant was not a mistake within the meaning of Federal Rule of Civil Procedure 15(c).

## ALLEGATIONS OF THE COMPLAINT

The Original Complaint alleges that U.S. Plastic Lumber Corp. ("USPL") is a Nevada Corporation that began as Educational Storybooks International, whose primary purpose was the manufacture of structural and nonstructural plastic lumber.[1]  Mark S.

---

[1] The allegations of the complaint are taken as true for purposes of determining a motion to dismiss. *See Marsh v. Butler County*, 268 F.3d 1014, 1023 (11th Cir. 2001) (en banc).

Altsentzer ("Altsentzer") was President and Chief Executive Officer of USPL.  USPL's Board of Directors included August C. Schultes, III ("Schultes"), Gary J. Ziegler ("Ziegler"), Kenneth Ch'uan-K' Ai Leung ("Leung"), and Michael D. Schmidt ("Schmidt") (collectively, with Altsentzer, the "D&O Defendants").

On or about January 1997, USPL began executing a "roll-up" plan by acquiring operations in order to position itself as a leading manufacturer of recycled plastic lumber. To that end, from January 1997 to February 2000 USPL acquired ten additional companies by way of acquisition, asset purchase, or merger.  As part of that plan, in January 1999, USPL merged with Eaglebrook Plastics, Inc. and Eaglebrook Products, Inc., manufacturers of plastic lumber in Chicago, Illinois.  As a part of that merger, Eaglebrook Plastics and Eaglebrook Products, which became subsidiaries of USPL, entered into two separate industrial building leases in Chicago.  Both leases were scheduled to expire on January 3, 2009.  Contemporaneous with the execution of the leases, Eaglebrook Plastics and Eaglebrook Products entered into option agreements to allow them to purchase the properties on or before January 28, 2004 (the "Options") for $2 million and $1 million respectively.  Eaglebrook Plastics and Eaglebrook Products later merged to form Eaglebrook Group, Inc. ("Eaglebrook Group").

After execution of the lease and option agreements, USPL and its subsidiaries, including Eaglebrook Group (collectively, the

3

"Debtors"), began to experience financial difficulties and defaulted on loan obligations to General Electric and other equipment lenders. The Debtors entered into Forbearance and Modification Agreements and pledged the Options as additional collateral to General Electric and other equipment lenders.

Sometime later Eaglebrook Products and Eaglebrook Plastics notified their respective landlords that they were going to exercise the Options. As the date of closing on these sales approached, however, USPL was unable to secure financing to exercise the Options and acquire the properties. Altsentzer, then President and Chief Executive Officer of USPL, formed 2600 Roosevelt, of which he was the sole equity holder. USPL assigned the Options to 2600 Roosevelt for no consideration and 2600 Roosevelt subsequently granted a new option to USPL to allow USPL to acquire the properties for $4.5 million.

On July 23, 2004, the Debtors filed voluntary petitions under Chapter 11 of the United States Bankruptcy Code. On July 28, 2004, the Court authorized and directed the joint administration of the Chapter 11 cases. On August 6, 2004, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee"). On January 13, 2006, the Court entered an *Order Granting Debtors' Emergency Motion for Order Authorizing the Sale of Substantially all of Their Assets Pursuant to 11 U.S.C. § 363, Free and Clear of All Liens, Claims and Encumbrances*.

Certain assets were excluded from the sale (the "Excluded Assets"). The Excluded Assets included all claims and causes of action of the Debtors against any of the officers or directors of the Debtors.

On July 21, 2006, The Committee filed the initial *Adversary Complaint for Damages and Other Relief* (the "Original Complaint") against the D&O Defendants seeking, among other things, a determination that the transfer of the Options from USPL to 2600 Roosevelt was fraudulent under § 548, and to avoid the transfer under §§ 544 and 550. The Original Complaint was served upon each of the D&O Defendants, including Altsentzer, within 120 days. Pursuant to this Court's November 29, 2006 *Order Confirming the Debtors' Amended Joint Plan of Reorganization as Supplemented Pursuant to 11 U.S.C. § 1129*, the Excluded Assets were transferred to a liquidating trust and Goldberg was approved as Trustee.

On April 23, 2007, the *Amended Adversary Complaint for Damages and Other Relief* was filed (the "Amended Complaint") substituting Goldberg as party plaintiff in place of the Committee and adding 2600 Roosevelt as a defendant to the claims seeking to avoid the transfer of the Options. Specifically, Goldberg alleges that Altzentzer, as the sole member, managing member, registered agent and alter ego of 2600 Roosevelt, caused the Board of Directors of USPL to direct Eaglebrook Group to assign the Options to 2600 Roosevelt for inadequate consideration. The evidence presented at the hearings shows that on May 22, 2007, a Statement of Change of

5

Registered Agent and/or Registered Office for 2600 Roosevelt was placed on file with the Secretary of State of Illinois, thereby changing the registered agent for 2600 Roosevelt from Altsentzer to Grant Noeske and changing the address of the registered office.

The Amended Complaint is based on the same facts alleged in the Original Complaint but adds 2600 Roosevelt as a defendant. The deadline established by 11 U.S.C. § 546 to commence proceedings under §§ 544, 545, 547, 548 and 553 expired on July 23, 2006. The Motion seeks to dismiss the Amended Complaint as to 2600 Roosevelt, arguing that the Amended Complaint was not timely filed and that it does not relate back to the date of the Original Complaint. The Court finds that the Amended Complaint does not relate back and grants 2600 Roosevelt's Motion to Dismiss.

## **CONCLUSIONS OF LAW**

Federal Rule of Bankruptcy Procedure 7015(c) determines whether an amended adversary complaint relates back to the filing of the original adversary complaint to overcome a timeliness objection. Rule 7015(c) incorporates Federal Rule of Civil Procedure 15(c) by reference. Rule 15(c) states in relevant part:

> An amendment of a pleading relates back to the date of the original pleading when
> ...
>     (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
>     (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing

> provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c).

The parties do not dispute that Rule 15(c)(3) is the controlling provision for adding a new party. Therefore, the Amended Complaint will relate back to the date of the Original Complaint if the following criteria under Rule 15(c)(3) are satisfied: (1) the claim asserted in the Amended Complaint arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the Original Complaint; (2) within 120 days after the Original Complaint, the newly named defendant "has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits;" and (3) within 120 days after the Original Complaint, the newly named defendant "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." Fed. R. Civ. P. 15(c)(3); *see also McCulley v. Allstates Technical Servs.*, No. 04-0115-WS-B, 2005 WL 1475314, *16 (S.D. Ala. June 21, 2005). The parties do not dispute that the claims set forth in the Amended Complaint arise from the same conduct, transaction, or occurrence as set forth in the Original Complaint, and therefore the first requirement is satisfied.

The second requirement under Rule 15(c)(3) is that the defendant to be added has received notice of the action within the 120-day time period for service and summons. *Kuehn v. The Cadle Co.*, No. 5:04-CV-432-OC-10GRJ, 2006 WL 845085, *7 (M.D. Fla. Mar. 30, 2006). Rule 15(c)(3) does not require that the amendment have been filed within 120 days, nor does it require formal service of process within 120 days; it only requires that the defendant *have notice* of the original action within 120 days sufficient to avoid prejudice to the defendant. *See Freund v. Fleetwood Enters.*, 956 F.2d 354, 362-63 (1st Cir. 1992). A corporation receives notice within the meaning of Rule 15(c)(3) when its registered agent for service of process receives the complaint, even if the complaint does not identify the corporation as a party. *See Peterson v. Sealed Air Corp.*, 902 F.2d 1232, 1237 (7th Cir. 1990). There is no other person who can receive "real" notice on behalf of a corporation after an agent has notice. *Id*.

The Court finds that Altsentzer was the registered agent for 2600 Roosevelt at the time that he received service of process of the Original Complaint. The parties do not dispute that Altsentzer received service of process of the Original Complaint within the 120 day time period provided for in Rule 15(c). Therefore, 2600 Roosevelt, through Altsentzer, its registered agent, had sufficient notice within 120 days of the Original Complaint being filed.

The final requirement under Rule 15(c)(3) is that within 120

days of the Original Complaint, the party to be added knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against it. Fed. R. Civ. P. 15(c)(3). The purpose of Rule 15(c) is to permit amended complaints to relate back to original filings when the amended complaint seeks to correct a mistake about the *identity* of the defendant. *Powers v. Graff*, 148 F.3d 1223, 1226 (11th Cir. 1998)(emphasis added). The word "mistake" should be read liberally, but it should not be construed to mean "lack of knowledge" concerning the correct party or a deliberate decision not to sue a party whose identity the plaintiff knew from the outset. *See Wayne v. Jarvis*, 197 F.3d 1098, 1103 (11th Cir. 1999) ("[I]gnorance does not equate to misnomer or misidentification"); *see also Powers*, 148 F.3d at 1227. Amendment is "generally permitted to correct a misnomer of a defendant where the proper defendant is already before the court and the effect is merely to correct the name under which he is sued." *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993). Although the failure to add a defendant "may qualify as a mistake, that is, actual inadvertence on the part of the [amending party] and not a conscious choice or deliberate strategy to exclude the [added party]," that is not a mistake concerning the identity of the added party, as required by Rule 15(c)(3). *See In re Enron Creditors Recovery Corp.*, 370 B.R. 90, 99 (Bankr. S.D.N.Y. 2007).

This is not a case where there was a lack of knowledge of the proper party or identity of the proper party. The Original Complaint makes factual allegations concerning 2600 Roosevelt alleging that Altsentzer controlled 2600 Roosevelt and took certain actions through the company. Those allegations demonstrate that the Plaintiff knew the identity of 2600 Roosevelt and its potential role in any wrongdoing, but chose not to seek recovery from the company or name it as a defendant. This is not the type of mistake provided for in Rule 15(c)(3). *See Powers v. Graff*, 148 F.3d at 1227 (finding that the amended pleading did not relate back where the plaintiffs knew of the defendants' role in the wrongdoing and alleged facts to support a claim against the defendants, but failed to name them in the original pleading). While the Plaintiff may have intended to include 2600 Roosevelt as a defendant, the Original Complaint only seeks recovery from Altsentzer, the alleged alter ego of 2600 Roosevelt. Moreover, the Plaintiff presented no evidence at the November 16, 2007, or February 21, 2008, evidentiary hearings to establish that the failure to include 2600 Roosevelt as a defendant was due to a mistake concerning the identity of the proper party. Even if the Plaintiff's failure to add 2600 Roosevelt was inadvertent and not a tactical or conscious decision, it was not a mistake involving the identity of 2600 Roosevelt. Therefore, the Court finds that the Amended Complaint does not satisfy the third requirement for relation back under Rule

15(c).

## CONCLUSION

The Court finds that, under these facts, the criteria for relation back under Federal Rule of Civil Procedure 15(c), incorporated by reference into Federal Rule of Bankruptcy Procedure 7015, have not been met because the Plaintiff's failure to name 2600 Roosevelt in the Original Complaint was not a mistake concerning the identity of the proper party. Thus, the Amended complaint does not relate back to the Original Complaint and the Motion to Dismiss must be granted.

## ORDER

The Court having considered the Motion, Response, applicable law, arguments of counsel, the testimony of witnesses, the documentary evidence, the candor and demeanor of the witnesses, and being otherwise fully advised in the premises, hereby **ORDERS AND ADJUDGES** that:

1) 2600 Roosevelt's Motion is **GRANTED**.

2) The Amended Complaint is **DISMISSED WITH PREJUDICE** as to Defendant 2600 Roosevelt.

###

Copies Furnished To:

Adrian C. Delancy, Esq.
Eyal Berger, Esq.
Leslie S. Osborne, Esq.
Michael R Bakst, Esq.